ROBKRT I,. BRAND, .Iuduk.
Claimant seeks an award for tin1 sum of .$o7i).7.r> for *156 “fuel oil” taxes paid on eight invoices purchased from the Pure Oil Company, of Huntington, West Virginia. The account was due in December 1947, but payment for the gasoline was not made until February 27, 1948, on account of “financial difficulties” of claimant. Within five days after such payment, claimant made application to the state tax commissioner for refund of taxes but such refund was denied on the ground that more than sixty days had elapsed from the date of the original purchases. The application for refund was made on March 1, 1948, including purchases made on December 3, 5, 10, 12, 17, 19 and 23, 1947, the more recent having been made sixty-nine days prior to the date of filing claim for refund on March 1, 1948.
Section 20, chapter 11, article 14 of the code of West Virginia of 1943, authorizing refunds of taxes under certain conditions, reads in part as follows:
“ . . . Provided, however, That the tax commissioner shall cause refund to be made under authority of this section only when application for refund is filed with the tax commmissioner, upon forms prepared and furnished by the tax commissioner, within sixty days from the date of purchase or delivery of the gasoline.”
It will thus be observed that all purchases made more than sixty days prior to March 1, 1948, were deleted from the claimant’s application.
In the case of Del Balso Construction Company v. State Tax Commissioner, 1 Ct. Claims (W. Va.) 15, we held as follows:
“An award will not be made to a person failing to file application for refund of taxes paid on gasoline within sixty days after date of purchase or delivery of gasoline as provided by general law, when it appears from the general law that it is the policy of the Legislature to deny payment of *157 such refunds unless such application is filed as prescribed by the statute permitting refunds on gasoline used for certain specific purposes.”
Such holding was followed in re claim No. 404, State Construction Company v. State Tax Commissioner, 3 Ct. Claims (W. Va.) 85, and William E. Snee v. State Tax Commissioner, 3 Ct. Claims (W. Va.) 94.
In re claim No. 324, Joseph Harvey Long, et als v. State Tax Commissioner, 3 Ct. Claims (W. Va.) 25, we held:
“The court of claims is without jurisdiction to extend the time fixed by statute to make application for refund of excess income tax paid. Such income taxpayer is obliged to avail himself of the remedy provided by law for relief.”
When preparing the docket for hearing of claims at the present term of this court it was ascertained and so held that the instant claim was not prima facia within its jurisdiction, and therefore the court declined to place it upon the trial calendar.